UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS DEASE, | ) |
|     Plaintiff, | ) ) ) |
|   v. | ) )    Case No. 4:21-CV-00719-NAB |
| ARDMORE FINANCE CORPORATION, et al., | ) ) ) |
|     Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on attorney Matthew H. Armstrong's Motion to Withdraw as Attorney of Record (Doc. 31), and Defendant Mitchell Jacobs' Motion to Amend Scheduling Order and Temporarily Stay Discovery (Doc. 32).

### **Background**

In the first motion, Mr. Armstrong seeks to withdraw as counsel for Defendant Mitchell Jacobs. The motion states that "irreconcilable differences have arisen between said attorney and client, and because of said differences, the client is unwilling to accept a professional opinion of this attorney; that because of such breach in the attorney/client relationship it is no longer possible for the attorney to continue to represent Defendant." (Doc. 31.) Mr. Armstrong states that "[d]ue to a breakdown in the attorney/client relationship" he "cannot effectively represent Defendant's interests." He further states that Defendant Jacobs is an attorney admitted to this Court, and he intends to seek other counsel or proceed *pro se*. Mr. Armstrong has attached a Consent to Withdraw signed by Mr. Jacobs. (Doc. 31-1.)

In the second motion, Defendant Jacobs seeks to stay discovery "until Jacobs can find new counsel, the court can rule upon the pending motions, and the parties are determined." (Doc. 32.)

There are six motions pending before the Court, five of which were filed within the last few weeks. (*See* Docs. 16, 27, 29, 31, 32, and 34.) The recent motions appear to stem from state court findings in the underlying collection action. Defendant Jacobs (by and through Mr. Armstrong) filed a motion to strike allegations in the complaint and to dismiss the case based on state court activity. Plaintiff then filed a motion for sanctions based on Mr. Jacobs' failure to appear for deposition, as Defendant Jacobs believes the deposition is premature based on his pending motions.[1] Defendant Jacobs states that the Case Management Order requires that discovery be completed by May 4, 2022, but given the Court's wide discretion in determining the discovery schedule, discovery should be stayed pending ruling on the dismissal motions.

In response, Plaintiff states that he agrees Defendant Jacobs needs a lawyer, and Plaintiff consents to a three-week stay in order for Defendant to retain counsel. (Doc. 38.) Plaintiff believes it is premature to discuss modifying dates in the Case Management Order, as the only deposition Plaintiff needs to be ready for summary judgment or trial is the deposition of Jacobs.

## Discussion

The Court has adopted the Rules of Professional Conduct of the Supreme Court of Missouri. *See* E.D. Mo. L.R. 12.02. According to the Rules of Professional Conduct, a lawyer may withdraw from representation of a client if the withdrawal can be accomplished without material adverse effect on the interests of the client, or if good cause for withdrawal exists. *See* Missouri Supreme Court Rule of Professional Conduct 4-l.16(b). Further, "a lawyer shall continue representation when ordered to do so by a tribunal notwithstanding good cause for terminating the representation." R. Prof. Conduct 4-1.16(c).

---

[1] After Mr. Armstrong moved to withdraw and Mr. Jacobs filed his *pro se* motion to amend the Case Management Order, Mr. Jacobs also filed a motion to join a third-party defendant. It is unclear to the undersigned why Mr. Jacobs is filing additional *pro se* motions if he is seeking a stay in order to find counsel to represent him.

The Court generally will not allow an attorney to withdraw unless substitute counsel enters an appearance for the client. The undersigned recognizes that Defendant Jacobs himself is a licensed attorney admitted to practice before the Court; however, the one thing Defendant and Plaintiff seem to agree on is that Defendant needs counsel. (Docs. 32, 38.)

The Court will withhold ruling on attorney Armstrong's Motion to Withdraw for a period of thirty (30) days from the date of this Order to allow Defendant Jacobs time to obtain substitute counsel. In light of Defendant's background as a licensed attorney and his familiarity with the Rules of the Court, the undersigned expects Mr. Jacobs to comply with this strict deadline.

Additionally, while the Motion to Withdraw is pending, the Court will stay deadlines. This includes any outstanding motion briefing deadlines and discovery deadlines. Once new counsel has entered an appearance, the Court and the parties will revisit the stay.

Lastly, in a footnote to Plaintiff's motion for sanctions, he states he recently resolved his claims against Defendant Ardmore Finance Corporation and the parties will soon file a Notice of Settlement. (Doc. 29 at n.1.)  The Court will consider Plaintiff's motion sufficient notice of settlement and will give Plaintiff sixty (60) days to dismiss his claims against Defendant Ardmore.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Mitchell Jacobs shall obtain new counsel and new counsel shall enter an appearance in this case within **thirty (30) days of this order**.

**IT IS FURTHER ORDERED** that Plaintiff shall file, within **sixty (60) days of this order**, a stipulation for dismissal, a motion for leave to voluntarily dismiss, or a proposed consent judgment for his claims against Defendant Ardmore Finance Corporation.

Failure to timely comply with this order may result in the imposition of sanctions.

                                                                                                     NANNETTE A. BAKER
                                                                                                     UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of March, 2022.