## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DENNIS DEASE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:21-CV-00719-NAB |
| ARDMORE FINANCE CORPORATION, et al., | ) ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

Plaintiff Dennis Dease ("Dease") brought this action alleging that Defendant Ardmore Financial Corporation ("Ardmore") and Defendant Mitchell Jacobs ("Jacobs"), engaged in conduct in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"). The parties consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 15.) Several motions are pending:

1. Jacobs' Motion to Dismiss for Failure to State a Claim under Rules 12(b)(6) and 12(b)(7) (Doc. 16);
2. Jacobs' Motion to Strike under Rule 12(f) and Motion to Dismiss under Rule 12(b)(6) (Doc. 27);
3. Dease's Motion for Sanctions for Jacobs' failure to attend deposition (Doc. 29);
4. Attorney Matthew Armstrong's motion to withdraw as counsel for Jacobs (Doc. 31);
5. Jacobs' Motion to Amend or Correct the Case Management Order (Doc. 32);
6. Jacobs' Motion for Joinder of Pro-Serve Process Serving & Investigations, LLC (Doc. 34)
7. Jacobs' Motion to Withdraw the motion for joinder (Doc. 43);
8. Jacobs' Motion to Quash the notice of Jacobs' deposition (Doc. 44).

The Court will address each motion in turn.

I.      **Relevant Procedural Background**

The parties' dispute stems from an underlying consent judgment obtained in state court. In *Ardmore Finance Corp. v. Dennis Dease,* Cause No. 2022-AC02619, Ardmore, represented by attorney Jacobs, filed suit against Dease in the Circuit Court of the City of St. Louis to pursue a debt. The state court entered a consent judgment against Dease on July 24, 2020.

On May 17, 2021, Dease filed the present lawsuit in state court alleging three claims: an FDCPA violation against Jacobs (Count I); wrongful garnishment against both Defendants (Count II); and abuse of process against both Defendants (Count III).[1] (Doc. 2.) On June 18, 2021, Jacobs removed the case to this Court, and on July 22, 2021, Jacobs filed a motion to dismiss for failure to state a claim and failure to join a party. (Docs. 1, 16.) There has also been activity in the underlying state court case related to the consent judgment against Dease. Based on a ruling in the underlying state court case, on February 6, 2022, Jacobs filed a motion to strike certain allegations from the Petition under Rule 12(f) and for failure to state a claim under Rule 12(b)(6). This has led to various motions related to discovery and scheduling, which will be addressed at the end of this order. *See infra,* Section IV.

II.     **Jacobs' Motion to Dismiss under Rules 12(b)(6) and 12(b)(7) (Doc. 16)**

Jacobs moves to dismiss Dease's Petition (hereinafter "Complaint") in its entirety for failure to state a claim and failure to join the company that employed the process server from the underlying state court case.

    A.      **Legal Standards**

        1.      **12(b)(6) Motion to Dismiss**

---

[1] Plaintiff and Ardmore have reached a settlement, and the Court anticipates that Plaintiff will timely dismiss Ardmore pursuant to the Court's orders. (Doc. 40, 47.)

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a motion to dismiss for failure to state a claim, a court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Cole v. Homier Distrib. Co., Inc.,* 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Coons v. Mineta,* 410 F.3d 1036, 1039 (8th Cir. 2005)).

Generally, the Court must ignore materials that are outside of the pleadings; however, the Court may "consider some public records, materials that do not contradict the complaint, or materials that are 'necessarily embraced by the pleadings.'" *Noble Sys. Corp. v. Alorica Cent., LLC,* 543 F.3d 978, 982 (8th Cir.2008) (quoting *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999)); *see also* 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1357, at 376 (2004) (opining that a trial court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint"). "The district court may take judicial notice of public records and may thus consider them on a motion to dismiss." *Stahl v. U.S. Dept. of Agriculture,* 327 F.3d 697, 700 (8th Cir. 2003) (citing *Faibisch v. Univ. of Minn.,* 304 F.3d 797, 802–03 (8th Cir. 2002)).

    **2.**    **12(b)(7) Motion to Dismiss**

Under Rule 12(b)(7) a party may move to dismiss a complaint for "failure to join a party under Rule 19." Fed.R.Civ.P. 12(b)(7). Dismissal under Rule 12(b)(7) is "warranted only when

3

the defect is serious and cannot be cured." *Direct Supply, Inc. v. Specialty Hospitals of America, LLC,* 878 F.Supp.2d 13, 23 (D.D.C. 2012) (citations omitted). For the purposes of a Rule 12(b)(7) motion, the court must accept the complaint's allegations as true, and may also consider matters outside the pleadings when determining whether Rule 19 requires that a party be joined. *Cafesjian v. Armenian Assembly of Am., Inc.*, 2008 WL 906194, at *4 (D. Minn. Mar. 31, 2008) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1359, 68 (3d ed. 2004)). The party moving for dismissal under Rule 12(b)(7) has the burden to show that the absent person should be joined under Rule 19. *E.E.O.C. v. Apria Healthcare Group, Inc.,* 222 F.R.D. 608, 610 (E.D. Mo. 2004).

    **B.**    **Dease's Complaint**

The facts, as alleged in the Complaint, are as follows:

Plaintiff Dease allegedly owes a debt arising from a personal loan he obtained from Ardmore. Defendant Jacobs is an attorney and a debt collector who works for Ardmore. On February 24, 2020, Jacobs filed a lawsuit in Ardmore's name against Dease in the City of St. Louis, Case No. 2022-AC02619. In March of 2020, Defendants attempted to serve Dease at his residence, but could not because they did not have his specific apartment unit in the service address.

On March 12, 2020, Defendants attempted to serve Dease at the Bi-State headquarters where they believed he was working. However, as it turns out, Dease did not work at the location where Defendants' process server served someone. The process server described the person served as six feet tall and bald, while Dease is actually 6'3" and has a full head of hair. Defendants served the wrong person, and on March 26, 2020, Defendants filed a false return of service with the court.

On May 8, 2020, the initial court appearance date, Defendants appeared in court and unilaterally continued the matter to July 27, 2020 without Dease's consent or knowledge.

4

Defendants represented to the Court they served the continuance memorandum on Dease but did not serve Dease or advise him of the July 27, 2020 court date.

On or about July 1, 2020, Defendants sent Dease a "consent judgment" via mail and used the correct address such that Dease received the consent judgment. Having no knowledge of the collection lawsuit, Dease called Jacobs on or about July 1, 2020. During the phone call, Jacobs informed Dease that if he signed the consent judgment, Dease could stay out of litigation and he would not be garnished as long as he made payments totaling $813.57 by February of 2021. Dease alleges that Jacobs did not explain that the consent judgment form was part of an active lawsuit, that the consent judgment would be filed with the court, that the dollar amount owed would increase over time, or that Dease could be garnished via the consent judgment.

After Dease signed, Jacobs filed the signed consent judgment with the state court and the court entered judgment against Dease. Meanwhile, Dease paid the $813.57 in monthly installments and believed that paying that amount would pay his balance in full. Defendants never sent Dease an updated balance.

On April 13, 2021, Defendants filed a garnishment application in state court. The garnishment application stated that Dease made payments of $563.57. Dease alleges the application falsely and deliberately under-reported Dease's true payments in order to inflate the debt and collect more than Dease owed. The garnishment application also falsely overstated the amount of accrued interest and the judgment balance. Dease alleges that Defendants have used the fraudulent and false garnishment application to garnish hundreds of dollars of wages from Dease.

  **C.** **Discussion**

Jacobs' motion to dismiss raises three arguments. As discussed below, the Court does not find Jacobs' arguments to be persuasive, and the motion to dismiss is denied.

## 1. Dease is not required to meet the Rule 9(b) pleading standard.

First, Jacobs argues that the Complaint should be dismissed in its entirety for failure to plead with particularity under Rule 9. He argues that the Complaint makes allegations that Jacobs acted "fraudulently," "intentionally," and with an "improper purpose" such that the entire Complaint is based on allegations of fraud, and Dease should be subject to the heightened pleading standard applicable to fraud claims under Federal Rule 9. Dease responds that Jacobs misapplies the standard of review and misunderstands the claims pleaded.

Federal Rule of Civil Procedure 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Supreme Court has explained: "Rule 8(a)'s simplified pleading standard applies to all civil actions, [but] Rule 9(b) ... provides for greater particularity in all averments of fraud or mistake." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002); *see also Doe v. Cassel,* 403 F.3d 986, 989 (8th Cir. 2005) (discussing heightened pleading requirements and quoting *Sierkiewicz*). "To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *United States ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 556 (8th Cir. 2006). In other words, federal law requires that the claim contain "the who, what, when, where, and how: the first paragraph of any newspaper story." *Great Plains Trust Co. v. Union Pac. R.R. Co .,* 492 F.3d 986, 995 (8th Cir. 2007) (internal quotation omitted).

Dease's FDCPA, wrongful garnishment, and abuse of process claims are full of general allegations regarding fraudulent and deceptive acts. Allegations specific to Jacobs often do not

6

include the time, place or specific contents of communications between Jacobs and Dease. Any conclusory allegations that Jacobs acted fraudulently are not sufficient to satisfy Rule 9(b). However, the Court need not determine whether the allegations are too vague or conclusory to meet the heightened pleading standard of Rule 9(b) because Dease explicitly states that he is not averring a claim of fraud. His causes of action as stated are subject to the notice pleading standard of Rule 8. *See, e.g., Williams v. Asset Acceptance, LLC*, 2010 WL 11694020, at *2 (D. Neb. Feb. 12, 2010) (rejecting defendant's argument that Rule 9(b)'s heightened particularity pleading standard applies to a § 1692e claim because § 1692e implicates false and misleading statements). Jacobs seemingly concedes that Dease has properly alleged a claim under the FDCPA (Doc. 17 at 11) and makes no argument that Dease failed to state a claim for wrongful garnishment. His only argument contesting Counts I and II are that the Complaint as a whole does not meet the Rule 9 pleading standard. Because Rule 9 is not applicable, Jacobs' motion will be denied on this point.

**2. Dease has not failed to join an indispensable party.**

Second, Jacobs argues that the process server is a necessary and indispensable party, without whom this matter cannot be fairly adjudicated pursuant to Rule 19 and 12(b)(7).

Federal Rule of Civil Procedure 12(b)(7) permits dismissal of a claim for failure to join a party under Rule 19. Rule 19, in turn, sets forth a two-part inquiry. First, the Court must determine whether the absent person's presence is "required." Fed. R. Civ. P. 19(a)(1). Joinder is required when:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

7

Fed. R. Civ. P. 19(a)(1).

"[T]he focus of Rule 19(a)(1) is on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." *Cedar Rapids Bank & Tr. Co. v. Mako One Corp.*, 919 F.3d 529, 534–35 (8th Cir. 2019) (citation omitted). When joinder is not required under Rule 19(a), "the inquiry is at an end, and the motion to dismiss for failure to join the party in question must be denied." *Rochester Methodist Hosp. v. Travelers Ins. Co.*, 728 F.2d 1006, 1016 (8th Cir. 1984).

If joinder is required but not feasible, the Court must proceed to the second step and "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed," considering several enumerated factors.[2] Fed. R. Civ. P. 19(b). The Rule 19 inquiry is a "highly-practical, fact-based endeavor," and courts are "generally reluctant to grant motions to dismiss of this type." *Fort Yates Pub. Sch. Dist. No. 4 v. Murphy ex rel. C.M.B.*, 786 F.3d 662, 671 (8th Cir. 2015). "A decision under Rule 19 *not* to decide a case otherwise properly before the court is a power to be exercised only in rare instances." *Nanko Shipping, USA v. Alcoa, Inc.*, 850 F.3d 461, 465 (D.C. Cir. 2017) (emphasis in original) (citation omitted).

The Court concludes that Jacobs has not met his burden to show that the process server is a required party under Rule 19(a). Jacobs argues the entire Complaint is predicated on a fraud allegedly committed by Jacobs and the non-party process server, who allegedly fabricated the return of service to indicate that Dease was personally served at his place of employment. Jacobs

---

[2] Factors to consider include (1) the extent to which a judgment in the required person's absence might prejudice that person or the existing parties; (2) the extent to which such prejudice could be lessened or avoided by protective provisions or otherwise shaping the relief to be granted; (3) the adequacy of a judgment rendered in the person's absence; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. Fed. R. Civ. P. 19(b).

8

further contends that the process server's alleged conduct constitutes "sewer service," or "the practice of failing to serve a summons and complaint and then filing a fraudulent affidavit attesting to service." (Doc. 23 at 2-3.) Dease has not alleged that such a scheme was employed here, and the "sewer service" cases relied on by Jacobs do not provide a basis for finding the process server is an indispensable party. *See, e.g., Gwartz v. Jefferson Mem'l Hosp. Ass'n*, 23 F.3d 1426, 1429 (8th Cir. 1994) ("Whether the asserted facts support claims other than the ones before the court or whether the complaint here adequately states [the plaintiff's] claims ... are not the issues under Rule 19(a)(1)."). None of Dease's claims require a showing that the process server acted illegally. Based on the record at this stage of the litigation, complete relief among the existing parties can be achieved without the joinder of the process server.  Because the process server is not a required party under Rule 19(a), the Court need not address whether dismissal is required under Rule 19(b). Jacobs' motion will be denied on this point.

### 3. Dease stated a claim for abuse of process.

In Count III, Dease alleges a state law claim for abuse of process arising from the "filing a return of service and a garnishment application containing materially false information and inflated amounts for judgment, postjudgment interest, and costs. (Doc. 2 ¶ 61.) Jacobs argues that Count III should be dismissed for failure to state a claim because obtaining a consent judgment is not outside the process.

To state a claim for abuse of process, a party must plead 1) an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; 2) done for an improper purpose, and 3) resulting damages. *Ritterbusch v. Holt*, 789 S.W.2d 491, 493 (Mo. 1990). "Stated another way, the test as to whether there is an abuse of process is whether the process has been used to accomplish some end which is outside the regular purview of the process." *Moss v. Barton*,

9

No. 4:13-CV-2535 RLW, 2016 WL 1441146, at *6 (E.D. Mo. Apr. 8, 2016) (internal citations and quotations omitted). An abuse of process claim "is not appropriate where the action is confined to its regular function even if the plaintiff had an ulterior motive in bringing the action, or if the plaintiff knowingly brought the suit upon an unfounded claim. It is where the claim is brought not to recover on the cause of action stated, but to accomplish a purpose for which the process was not designed that there is an abuse of process." *Id.*

Jacobs argues that Dease's abuse of process claim fails because as a matter of law obtaining a consent judgment is not outside the process. Jacobs relies on cases where a district court dismissed abuse of process claims based upon the defendants' "lack of intent" to pursue the underlying debt in state court. *See Brewer v. LVNV Funding, LLC*, No. 4:14CV00942 AGF, 2014 WL 5420274, at *1 (E.D. Mo. Oct. 22, 2014); *Hinten v. Midland Funding, LLC*, No. 2:13 CV 54 DDN, 2013 WL 5739035, at *10 (E.D. Mo. Oct. 22, 2013). There, the plaintiffs alleged that the debt collectors filed suit in state court with no intent to obtain further evidence to establish their claims, and only filed suit in order to prevail by settlement or default judgment. *Brewer,* 2014 WL 5420274, at *1; *Hinten,* 2013 WL 5739035, at *1. The district court dismissed abuse of process claims based on the lack of intent as an improper purpose, finding that the objectives of obtaining a default judgment or inducing settlement are not outside the purview of regular process. *Id.*

*Brewer* and *Hinten* are distinguishable from the case before me, and Jacobs' argument is inapposite. Jacobs argues that obtaining a consent judgment is not outside the process based on the aforementioned cases. While that is true, Dease's abuse of process claim is not based on Jacobs obtaining a consent judgment. Dease's abuse of process claim is based on the filing of an allegedly false garnishment application to falsely inflate the amounts that could be taken from Dease and to

10

harass and oppress Dease.[3] These are certainly improper purposes, and under Rule 8(a)(2), "a plaintiff need only allege facts that permit the reasonable inference that the defendant is liable, even if the complaint 'strikes a savvy judge that actual proof of the facts alleged is improbable' and recovery 'very remote and unlikely.'" *Mueller v. Barton*, No. 4:13-CV-2523 CAS, 2014 WL 4546061, at *15 (E.D. Mo. Sept. 12, 2014) (quoting *Hamilton v. Palm,* 621 F.3d 816 (8th Cir. 2010)) (rejecting the defendant's argument that the alleged improper purpose of "filing suit solely to harass and intimidate plaintiff" was a "legal conclusion[] the Court is free to ignore on a motion to dismiss"). Under this standard, Dease's allegations satisfy the first two elements.

With respect to the final element of resulting damage, Dease alleges he suffered "actual monetary loss in excess of $100, damaged credit, expenditure of attorneys' fees, humiliation, embarrassment, and oppression." These damages are sufficient to bring an abuse of process claim under Missouri law. *See, e.g., Demarais v. Gurstel Chargo, P.A.,* 869 F.3d 685, 691 (8th Cir. 2017) (collecting cases) ("The harm of being subjected to baseless legal claims, creating the risk of mental distress" provides the basis for common-law unjustifiable-litigation torts such as abuse of process.); *Hefley v. J & M Sec., LLC*, No. 4:15CV01578 ERW, 2016 WL 2643477, at *1 (E.D. Mo. May 10, 2016) (claim for abuse of process adequately alleged where plaintiff suffered damages related to monetary loss, embarrassment, stress, anxiety, and financial hardship); *Ritterbusch v. Holt*, 789 S.W.2d 491, 493 (Mo. 1990) (plaintiff was "caused shame, embarrassment, humiliation and mental distress as well as harm to his reputation"). Accordingly, the Court finds Dease stated a claim for abuse of process.

---

[3] Dease initially includes the filing of a false return of service as a basis for his abuse of process claim (Doc. 2 ¶ 61), but seemingly abandons this as a basis for the claim, as the remainder of his abuse of process allegations are specifically related to the allegedly false garnishment applications (*Id.* ¶¶ 62-66). Therefore, the Court construes Count III as alleging abuse of process solely based on the garnishment application, not the return of service.

In sum, at this stage of the litigation, Jacobs has not shown that he is entitled to dismissal of Counts I, II, or III of the Complaint. The motion to dismiss is denied.

### III.     Jacobs' Motion to Strike and Dismiss under Rules 12(f) and 12(b)(6) (Doc. 27)

In Jacobs' motion to strike and dismiss, he asks the Court to strike twenty-one paragraphs from the Complaint as impertinent and scandalous pursuant to Rule 12(f). If the Court strikes the aforementioned paragraphs from the Complaint, Jacobs seeks dismissal of the Complaint in its entirety pursuant to Rule 12(b)(6). The motion is based on a Judgment and Order on Defendant's [Dease's] Motion to Set Aside Consent Judgment issued in the underlying state court case (hereinafter "State Court Judgment"). The State Court Judgment followed an evidentiary hearing and made certain factual findings that Jacobs argues should be given full faith and credit here and render several allegations in Dease's Complaint to be false and therefore should be stricken.

#### A.     Relevant Background

In the state court case, Dease, as the defendant and judgment debtor, filed a Motion to Set Aside Consent Judgment, alleging that Dease was never properly served in the case and challenging the filed return for inaccuracies, and that the consent judgment was procured by fraud or misconduct on the part of Mitchell Jacobs as counsel for Ardmore, the plaintiff in the state court case. The state court held an evidentiary hearing and heard testimony from Dease and Jacobs. On October 12, 2021, the state court denied the motion, finding that Dease did not prove a fraud or misconduct was perpetrated on him by Jacobs in order to procure a judgment. (Doc. 28-1, State Court Judgment and Order on Defendant's Motion to Set Aside Consent Judgment.)

## B.     Issue Preclusion/Collateral Estoppel

Defendant argues that the State Court Judgment precludes relitigation of the issues before the Court under 28 U.S.C. § 1738.[4] The "judicial proceedings of any court [of any state] ... Shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. § 1738. This is otherwise known as the "full faith and credit" doctrine and it requires that a federal court give a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. *See Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Sanders v. Frisby,* 736 F.2d 1230, 1231 (8th Cir. 1984).

Under the doctrine of issue preclusion, or collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party (or a party in privity with a party) to the prior litigation. *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). In determining whether collateral estoppel applies, Missouri courts look at whether (1) the issue in the prior proceeding is identical to the issue in the present action; (2) the prior adjudication resulted in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to relitigate the issue in the prior suit. *In re Carey,* 89 S.W.3d 477, 498 (Mo. 2002).

Dease argues that different legal standards applied in state court than in the present case, such that issue preclusion cannot be established. The undersigned agrees. Considering the above

---

[4] Jacobs vaguely references 28 U.S.C. § 1768, but the undersigned presumes his reliance is on the full faith and credit clause in § 1738.

factors and the applicable legal standards, the State Court Judgment does not preclude Dease from raising his claims before this court. *See, e.g., Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1997) (distinguishing between the evidence used to support a debt collector's claim for money owed and the evidence used to support the debtor's claim of abusive debt practices).

In the underlying debt proceeding, Ardmore, represented by Jacobs, obtained a consent judgment against Dease. Dease filed a Motion to Set Aside Consent Judgment under Missouri Rule 74.06(b). Missouri Rule 74.06(b) states that the court may relieve a party from a final judgment or order for, in relevant part, fraud, misrepresentation, or other misconduct of an adverse party, or if a judgment is void. The party moving to set aside the judgment bears the evidentiary burden of proving entitlement to the relief requested under Missouri Rule 74.06. *Morris v. Wallach*, 440 S.W.3d 571, 576 (Mo. Ct. App. 2014). In Dease's state court motion, he argued he was never properly served, and that the consent judgment was procured by fraud or misconduct on the part of Ardmore's attorney, Mitchell Jacobs. (*See* Doc. 28-1 at 2-3.) The state court made factual findings that Dease did not meet his burden of "prov[ing] by clear and convincing evidence that a fraud or misconduct was perpetrated on him by attorney Jacobs in order to procure a judgment." (Doc. 28-1 at 6.)

In the present case, Dease has the burden of establishing his claims against Jacobs by a preponderance of the evidence, not by clear and convincing evidence. Because the standard of proof in this case is lower than the standard required to vacate the consent judgment in the state court case, issue preclusion does not attach. *See, e.g., Dunne v. Res. Converting, LLC*, No. 4:16 CV 1351 DDN, 2022 WL 179213, at *5 (E.D. Mo. Jan. 20, 2022) (where Iowa jury was instructed to find elements of the claim by a preponderance of clear, satisfactory, and convincing evidence, and Missouri burden of proof for a misrepresentation claim is a preponderance of the evidence,

14

issue preclusion does not attach); *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1322 (9th Cir. 1992) ("collateral estoppel does not preclude claims that have a different burden of proof than previously decided claims"); *see also* § 4422 Issue Preclusion—Different Standards of Evidence, 18 Fed. Prac. & Proc. Juris. § 4422 (3d ed.) ("Failure to carry a special burden of persuasion characterized as requiring clear and convincing evidence or some like showing does not preclude a later attempt to prove the same issue by a preponderance of the evidence…"). Therefore, Jacobs' request to dismiss based on issue preclusion or collateral estoppel is denied.

   **C.   Motion to Strike**

Jacobs argues that twenty-one paragraphs should be stricken from Dease's Complaint because the State Court Judgment's findings of fact contradict the factual allegations in the Complaint.[5] Dease responds that the Court cannot consider the State Court Judgment on a Rule 12(f) motion to strike.

Rule 12(f) of the Federal Rules of Civil Procedure provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," either on its own or on a motion made by a party. "Parties filing a motion to strike under Fed. R. Civ. P. 12(f) bear the burden of providing the Court any reason why this language is immaterial, impertinent, or scandalous." *Simms v. Chase Student Loan Servicing, LLC,* No. 4:08CV01480 ERW, 2009 WL 943552, at *2 (E.D.Mo. Apr. 6, 2009) (internal citation omitted). The Court has broad discretion in resolving a motion to strike. *See Stanbury Law Firm v. Internal Revenue Serv.*, 221 F.3d 1059, 1063 (8th Cir. 2000). Motions to strike "are viewed with disfavor and are infrequently granted." *Id.* (internal quotations omitted).

---

[5] Jacobs asks the Court to strike paragraphs 1, 14, 16, 18, 20, 21, 25-33, 37, 45, 49, 52, 53, and 57 from Dease's Complaint. (Doc. 27.)

"Generally, well-pleaded facts are accepted as true for a motion to strike, and matters outside the pleadings will not be considered in support of the motion." *Johnson v. Metro. Sewer Dist.*, 926 F. Supp. 874, 875 (E.D. Mo. 1996) citing 2A J. Moore, *Moore's Federal Practice* ¶ 12.21[3] (2d ed. 1995). Jacobs concedes that matters outside the pleadings are not considered on a Rule 12(f) motion, but states he has no objection to the Court treating his motion as a motion for summary judgment. (Doc. 37.) The Court does not see a reason to construe the motion to strike as a summary judgment motion. Instead, the Court will utilize its discretion in denying the motion. The undersigned has reviewed the twenty-one paragraphs at issue and finds that Jacobs has not met his burden under Rule 12(f), regardless of whether the State Court Judgment is considered. Jacobs argues that the allegations are an attack on Jacobs' personal and professional character, but does not assert specific prejudice that warrants striking the allegations. Jacobs can admit or deny the allegations as he sees fit consistent with the dictates of Rule 11. Even if the Court were to consider the State Court Judgment in ruling on the motion to strike, the motion to strike would be denied because the state court's finding that Dease did not establish certain facts by "clear and convincing evidence" does not render the factual allegations in the Complaint immaterial, impertinent, or scandalous. Whether or not Dease actually prevails on the factual allegations is not properly before me at this time. The motion to strike is denied.

**IV.    Remaining Motions**

The Court now addresses the remaining pending motions.

On March 4, 2022, Jacobs' counsel, Matt Armstrong, filed a motion to withdraw as counsel. (Doc. 31.) The Court took the motion under submission and gave Jacobs time to find alternative counsel. (Doc. 40.) Jacobs new counsel has entered an appearance. (Docs. 41, 42.) Therefore, the Court will grant Mr. Armstrong's motion to withdraw as counsel.

While attorney Armstrong's motion to withdraw was pending, Jacobs filed a *pro se* motion to join the process serving company as a party in this case. (Doc. 34.) Jacobs new counsel has moved to withdraw the motion, and the Court will grant the withdrawal. (Doc. 43.)

Jacobs filed a motion to amend the Case Management Order, seeking a stay of discovery in order to obtain new counsel. (Doc. 32.) He also took the position that discovery cannot be conducted while his initial motion to dismiss and his recently filed motion to strike and dismiss and motion to join a new party are pending. The Court agreed to stay discovery until Jacobs obtained new counsel. Jacobs now has new counsel, the motions have been resolved, and the case can and should proceed. The current Case Management Order has an expired discovery deadline of May 4, 2022. However, while motions have been pending, Jacobs has declined to sit for a deposition. Additionally, he only recently obtained new counsel. In light of the procedural posture of the case and the entry of new counsel, the Court will grant the motion to amend the case management order in part. Counsel for both parties shall meet and confer regarding the schedule and submit a Second Joint Scheduling Plan to advise the Court of any proposed extensions. If there is a dispute on a particular deadline, the parties should state their respective positions on the dispute in the joint plan.

Lastly, Dease filed a motion for sanctions based on Jacobs' refusal to sit for a properly noticed deposition (Doc. 29), and Jacobs' filed a motion to quash a notice of deposition (Doc. 44). Dease does not seek monetary or other sanctions at this time, he merely seeks an order that Jacobs must sit for a deposition. Jacobs expressed to Dease in meet and confer communications and in the motion to quash that Jacobs believes the motion to dismiss and motion to strike have merit, such that his deposition may be premature. Additionally, Jacobs believes the process server may be a required party, such that the joinder of a third party would necessitate Jacobs' deposition be

17

conducted a second time after joinder. The motion to dismiss and motion to strike have been resolved. The process server is not a necessary party, and Jacobs himself has withdrawn his motion to join the process server. At this stage, it is proper for Jacobs to sit for a deposition. Therefore, the motion to quash the deposition notice is denied. Dease's motion for sanctions is granted to the extent it seeks an order for Jacobs to sit for a properly noticed deposition, but is denied to the extent it seeks a deposition on one of the already-passed dates requested by Dease. The parties should communicate and promptly select an agreeable date for Jacobs' deposition.

**V.     Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Mitchell Jacobs' Motion to Dismiss is **DENIED**. (Doc. 16.)

**IT IS FURTHER ORDERED** that Defendant Mitchell Jacobs' Motion to Strike or Dismiss is **DENIED**. (Doc. 27.)

**IT IS FURTHER ORDERED** that attorney Matthew Armstrong's Motion to Withdraw as Attorney for Defendant Mitchell Jacobs is **GRANTED**. (Doc. 31.)

**IT IS FURTHER ORDERED** that Defendant Jacobs' Motion to Withdraw Motion for Joinder of Pro-Serve Process Serving & Investigations, LLC is **GRANTED**. (Doc. 43.) The Motion for Joinder is **WITHDRAWN**. (Doc. 34.)

**IT IS FURTHER ORDERED** that Defendant Jacobs' Motion to Amend Case Management Order is **GRANTED in part** and **DENIED in part**. (Doc. 32.) The parties shall meet and confer and file a Joint Scheduling Plan no later than **May 25, 2022**.

**IT IS FURTHER ORDERED** that Plaintiff Dennis Dease's Motion for Sanctions is **GRANTED in part** and **DENIED in part**. (Doc. 29.) Defendant Mitchell Jacobs is ordered to appear for a deposition that is properly noticed on a date agreed to by the parties.

**IT IS FINALLY ORDERED** that Defendant Mitchell Jacobs' Motion to Quash is **DENIED as moot**. (Doc. 44.)

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of May, 2022.